UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAHAMAD HUSSEIN SAYIDIN,

                    Petitioner,

        v.

JACK WARNER,

                    Respondent.

Case No. 2:24-cv-00098-JNW-TLF

ORDER RECONSIDERING AND
GRANTING MOTIONS TO
APPOINT COUNSEL,
APPOINTING PUBLIC
DEFENDER, AND RE-NOTING
ANSWER AND MOTIONS

This is a federal habeas action filed under 28 U.S.C. § 2254. Dkt. 3. Petitioner

Mahamad Hussein Sayidin is currently confined at Monroe Correctional Complex,

Special Offenders Unit (MCC-SOU), in Monroe, Washington. *Id.* Petitioner previously

filed two requests for appointment of counsel. Dkts. 4, 7. Respondent opposed the

requests. Dkt. 10.

By order dated June 7, 2024, the Court informed petitioner that, for the Court to

properly evaluate his requests for counsel, petitioner must demonstrate that he is

financially eligible for such an appointment. Dkt. 16; *See* 18 U.S.C. § 3006A(a)(2)(B).

Accordingly, the Court ordered petitioner to provide a financial affidavit to support his

requests for appointment of counsel on or before June 19, 2024. *Id.* Petitioner failed to

provide the financial affidavit form by June 19, 2024, and by order dated July 3, 2024,

the Court denied petitioner's motions for appointment of counsel without prejudice. Dkt.

17. The Court indicated that petitioner may file a motion for appointment of counsel if he

1    submits to the Court the necessary financial affidavit to support his request, and the

2    Court will consider appointing counsel if the financial affidavit shows that his financial

3    situation is such that he qualifies for appointment of counsel. *Id.*

4            On July 9, 2024, the Court received the financial affidavit from petitioner along

5    with a letter from petitioner reiterating his request for appointment of counsel. Dkt. 18.

6    The Court's receipt of the financial affidavit appears to have been delayed due to the

7    fact that it was sent by mail rather than filed electronically. *Id.* Petitioner's affidavit

8    demonstrates he is financially eligible for appointment of counsel. *Id.*

9            In light of this additional information, the Court has reviewed the docket,

10   particularly the motions for appointment of counsel (Dkts. 4, 7), the newly filed financial

11   affidavit, and respondent's brief in response to petitioner's motions (Dkt. 10), and

12   concludes that appointment of counsel is appropriate in this case. Accordingly, as

13   discussed below, the Court GRANTS petitioner's requests for appointment of counsel

14   (Dkts. 4, 7) and will appoint the Federal Public Defender (FPD), or designee of FPD,

15   such as a panel attorney from the CJA, to represent petitioner in this matter.

16           The record shows that petitioner was convicted of first-degree robbery and

17   sentenced to 171 months of incarceration. Dkt. 9-1 at 134, Ex. 3. In his federal habeas

18   petition, petitioner appears to raise the following claims: (1) ineffective assistance of trial

19   counsel for lack of communication, failure to hire an expert to testify on his behalf, and

20   failure to present mental health evidence, Dkt. 3 at 5-6, 11-13; (2) ineffective assistance

21   of appellate counsel in failing to raise the ineffective assistance of trial counsel on direct

22   appeal, *id.* at 5; (3) incompetency to stand trial, *id.* at 7; (4) violation of the confrontation

23   clause, *id.* at 12; (5) improper exclusion of evidence at trial, *id.* at 14; (6) prosecutorial

24

25   ORDER RECONSIDERING AND GRANTING
     MOTIONS TO APPOINT COUNSEL, APPOINTING
     PUBLIC DEFENDER, AND RE-NOTING ANSWER AND
     MOTIONS - 2

misconduct, *id.* at 15; (7) violation of right to be present at trial, *id.* at 10, 15-16; (8) violation of right to obtain an expert witness, *id.* at 12; (9) violation of petitioner's right to testify on his own behalf, *id.* at 16.

Respondent has filed a response alleging that petitioner has exhausted only one of his several claims – the violation of his right to be present at trial. Dkt. 8. Respondent argues that the petition is "mixed" and that petitioner fails to show "good cause" for failing to exhaust his unexhausted claims as required to support a stay of proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005). *Id.* Accordingly, respondent argues the Court should give petitioner the option of dismissing his unexhausted claims and proceeding on his sole exhausted claim or dismissing his entire petition without prejudice. *Id.* Petitioner has filed a "motion to dismiss unexhausted claims" (Dkt. 12) and a "motion to amend" (Dkt. 13) in which he appears to indicate that he wishes to proceed on the sole claim that his right to be present at trial was violated. *Id.*

Petitioner has requested appointment of counsel, noting he has significant mental health challenges, is suffering from the effects of a traumatic brain injury, that English is his second language, and reasserting the claims he sets forth in his petition. Dkts. 4, 7. Respondent opposes the motion arguing that the motion is premature in light of the fact that the petition is "mixed", that petitioner has adequately articulated his claims, that the only exhausted claim was also clearly articulated by counsel on his direct appeal, and that petitioner fails to show a likelihood of success on the merits. Dkt. 10.

The Court notes that the record appears to indicate that there were significant issues related to petitioner's competency after his arrest. The Washington Court of

ORDER RECONSIDERING AND GRANTING
MOTIONS TO APPOINT COUNSEL, APPOINTING
PUBLIC DEFENDER, AND RE-NOTING ANSWER AND
MOTIONS - 3

1   Appeals noted that "between 2016 [when petitioner was arrested] and August 2021,

2   [petitioner] went from the King County Jail to Western State Hospital (Western) at least

3   six times." Dkt. 9-1, Ex. 3, at 123. Petitioner was found incompetent to stand trial in April

4   2018 and November 2018 and was found competent in October 2018, May 2019,

5   August 2020, and December 2020. *Id.*, Ex. 3, at 125. According to the Washington

6   Court of Appeals, petitioner also "refused to appear at many of the competency or

7   pretrial hearings and, when he did appear, either voluntarily or via a drag order, the trial

8   court frequently had to have him removed for disrupting the proceedings." *Id.*, Ex. 3, at

9   128-29. Before sentencing, the trial court entered findings of fact and conclusions of law

10   that "[Petitioner] had voluntarily absented himself from trial and had thus waived his

11   right to be present at his trial." *Id.*, Ex. 3, at 134.

12        There is no right to appointed counsel in cases brought under 28 U.S.C. § 2254

13   unless an evidentiary hearing is required or such appointment is necessary for the

14   effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495

15   (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United*

16   *States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d

17   952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States

18   District Courts 6(a) and 8(c). However, the Court may appoint counsel "at any stage of

19   the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding

20   whether to appoint counsel, the Court "must evaluate the likelihood of success on the

21   merits as well as the ability of the petitioner to articulate his claims pro se in light of the

22   complexity of the legal issues involved." *Id.*

23

24

25   ORDER RECONSIDERING AND GRANTING
MOTIONS TO APPOINT COUNSEL, APPOINTING
PUBLIC DEFENDER, AND RE-NOTING ANSWER AND
MOTIONS - 4

1    In weighing the relevant factors, the Court is persuaded that, given the apparent

2    issues surrounding petitioner's competency after his arrest and leading up to his trial,

3    his assertion of ongoing mental health issues and traumatic brain injury, as well as the

4    potentially complex issues presented by his petition including his competency and his

5    absence from his criminal trial, that the interests of justice support the appointment of

6    counsel for petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B). As required by statute, petitioner

7    has now demonstrated financial eligibility for such appointment. *See id.*; Dkt. 18.

8    Thus, the Court reconsiders petitioner's requests for appointment of counsel

9    (Dkts. 4, 7) and **GRANTS** petitioner's motions for appointment of counsel (Dkts. 4, 7).

10   **The Court appoints the Federal Public Defender, or designee, to represent**

11   **petitioner in these proceedings**. The Clerk is directed to **re-note** respondent's

12   response to the habeas petition (Dkt. 8) and petitioner's "motion to dismiss unexhausted

13   claims" (Dkt. 12) and "motion to amend the complaint" (Dkt. 13) to **August 16, 2024**. By

14   **August 12, 2024**, petitioner's counsel should file a response to the respondent's

15   response to the habeas petition (Dkt. 8) specifically addressing the issue of the "mixed

16   petition" and should indicate to the Court whether petitioner intends to proceed with the

17   current "motion to dismiss unexhausted claims" (Dkt. 12) and "motion to amend

18   complaint" (Dkt. 13).

19   //

20   //

21   //

22

23

24

25   ORDER RECONSIDERING AND GRANTING
     MOTIONS TO APPOINT COUNSEL, APPOINTING
     PUBLIC DEFENDER, AND RE-NOTING ANSWER AND
     MOTIONS - 5

1   The Clerk shall send copies of this Order to petitioner, to the Federal Public

2   Defender, to the Washington State Attorney General's Office, and to the Honorable

3   Jamal N. Whitehead.

4   Dated this 11th day of July, 2024.

5

6

7   _Theresa L. Fricke_

8   Theresa L. Fricke
    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   ORDER RECONSIDERING AND GRANTING
     MOTIONS TO APPOINT COUNSEL, APPOINTING
     PUBLIC DEFENDER, AND RE-NOTING ANSWER AND
     MOTIONS - 6