1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAHAMAD HUSSEIN SAYIDIN,

                    Petitioner,

    v.

JACK WARNER,

                    Respondent.

Case No. 2:24-cv-00098-JNW-TLF

ORDER GRANTING MOTION TO AMEND, MOTION TO SEAL, AND MOTION TO STAY, STRIKING OTHER PENDING MOTIONS AS MOOT

      The District Court has referred this 28 U.S.C. § 2254 action to United States Magistrate Judge Theresa L. Fricke. Petitioner has been appointed counsel. Dkt. 19. Currently before the Court is petitioner's motion to amend (Dkt. 24), motion to seal exhibits (Dkts. 25), and motion to stay (Dkt. 27). After review of the motions and the relevant record, the motions are GRANTED.

## BACKGROUND

      In January 2024, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 with this Court challenging his custody under a King County Superior Court judgment and sentence. Dkts. 1, 3. Petitioner also filed two motions for appointment of counsel. Dkts. 4, 7. The petition was served and respondent filed a response arguing that the petition was a "mixed petition" – presenting both exhausted and unexhausted claims. Dkt. 8. Respondent asserted that petitioner failed to show "good cause" for failing to exhaust his unexhausted claims as required to

ORDER GRANTING MOTION TO AMEND, MOTION
TO SEAL, AND MOTION TO STAY, STRIKING OTHER
PENDING MOTIONS AS MOOT - 1

support a stay of proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005); respondent also argued the Court should give petitioner the option of dismissing his unexhausted claims and proceeding on his sole exhausted claim or dismissing his entire petition without prejudice. *Id.* Petitioner subsequently filed a "motion to dismiss unexhausted claims" (Dkt. 12) and a "motion to amend" (Dkt. 13) in which he appeared to indicate that he wished to proceed solely on his exhausted claim -- that his right to be present at trial was violated.

By order dated June 7, 2024, the Court directed petitioner to submit a financial affidavit by June 19, 2024, to allow the Court to properly consider his motions for appointment of counsel. Dkt. 16. Petitioner failed to submit the financial affidavit by the deadline and by order dated July 3, 2024, the Court denied the motions to appoint counsel. Dkt. 17. Petitioner subsequently submitted the financial affidavit. Dkt. 18.

On July 11, 2024, the Court issued an order reconsidering and granting petitioner's motions to appoint counsel and appointing the Federal Public Defender to represent petitioner in these proceedings. Dkt. 19. The Court further directed petitioner's counsel to file a response to the respondent's response to the habeas petition (Dkt. 8) specifically addressing the issue of the "mixed petition" and indicating to the Court whether petitioner intended to proceed with the pending "motion to dismiss unexhausted claims" (Dkt. 12) and "motion to amend complaint" (Dkt. 13). *Id.*

Petitioner, through counsel, now moves for leave to file an amended petition (Dkt. 24), to seal the exhibits to the amended petition (Dkt. 25), and to stay and abey the federal habeas proceedings (Dkt. 27) to allow petitioner to exhaust his unexhausted claims in state court.

ORDER GRANTING MOTION TO AMEND, MOTION
TO SEAL, AND MOTION TO STAY, STRIKING OTHER
PENDING MOTIONS AS MOOT - 2

Respondent indicates he does not oppose the motions to amend or to stay proceedings. Dkt. 28. Respondent also indicates he does not oppose the motion to seal "other than to note that evidence not presented in state court cannot be considered to adjudicate [petitioner's] grounds for relief." Dkt. 28 at 3.

**DISCUSSION**

**A.    Motion to Amend**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Although it appears petitioner may no longer be able to amend as a matter of course at this time, respondent does not oppose the motion. Dkt. 28. Further, the Court finds justice requires allowing petitioner to amend. Therefore, petitioner's motion to amend (Dkt. 24) is GRANTED. Petitioner's proposed amended petition (Dkt. 24-1) is hereby deemed filed as petitioner's amended petition. The Clerk is directed to docket the proposed amended petition (Dkt. 24-1), including the sealed exhibits (Dkt. 26) as the amended petition.

**B.    Motion to Seal**

Petitioner also moves to file exhibits 1-3 to petitioner's proposed amended petition under seal. Dkts. 25, 26. Petitioner argues that these documents should be filed

ORDER GRANTING MOTION TO AMEND, MOTION
TO SEAL, AND MOTION TO STAY, STRIKING OTHER
PENDING MOTIONS AS MOOT - 3

1  under seal because they consist of medical records containing confidential information

2  which, if made public, could result in harm to petitioner. *Id.* Respondent also indicates

3  he does not oppose the motion to seal "other than to note that evidence not presented

4  in state court cannot be considered to adjudicate [petitioner's] grounds for relief." Dkt.

5  28 at 3.

6      Local Civil Rule 5(g) allows the court to seal documents and other evidence upon

7  a showing that a party cannot avoid filing a document under seal and a statute, rule, or

8  prior court order expressly authorizes the party to file the document under seal or a

9  party files a motion or stipulated motion to seal before or at the same time the party files

10  the sealed document. LCR 5(g)(1)–(2).

11      The Ninth Circuit has applied a strong presumption of public access to judicial

12  records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

13  A party seeking to file a document under seal must overcome that strong presumption.

14  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*,

15  447 F.3d at 1178). Parties who seek to maintain the secrecy of documents related or

16  attached to dispositive pleadings "must meet the high threshold of showing that

17  'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d

18  1172, 1180 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136); *see also E. & J. Gallo

19  Winery v. Instituut Voor Landbouw- En Visserijonderzoek*, 2018 WL 4090585, at *1-2

20  (E.D. Cal. Aug. 27, 2018) (applying the "compelling reasons" standard to a dispositive

21  motion). Those compelling reasons must outweigh the competing interests of the public

22  in having access to the judicial records and understanding the judicial process.

23  *Kamakana*, 447 F.3d at 1178-79.

24

25  ORDER GRANTING MOTION TO AMEND, MOTION
TO SEAL, AND MOTION TO STAY, STRIKING OTHER
PENDING MOTIONS AS MOOT - 4

1    Several district courts in the Ninth Circuit "have recognized that the need to

2  protect medical privacy qualifies as a 'compelling reason' for sealing records, since

3  medical records contain sensitive and private information about a person's health."

4  *Williams v. Ely State Prison*, No. 3:24-CV-00022, 2024 WL 3329757, at *1 (D. Nev. July

5  8, 2024) (citing *Spahr v. Med. Dir. Ely State Prison*, No. 3:19-CV-0267, 2020 WL

6  137459, at *2 (D. Nev. Jan. 10, 2020); *Sapp v. Ada Cnty. Med. Dep't*, No. 1:15-CV-

7  00594, 2018 WL 3613978, at *6 (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life

8  Companies, LLC*, No. 2:12-CV-01569-RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct.

9  9, 2013)).

10    Here, the exhibits at issue consist of medical records containing sensitive health

11  information. Balancing the public's need for access to this information against the need

12  to maintain the confidentiality of these medical records weighs in favor of sealing the

13  exhibits.

14    Respondent concedes it is appropriate for the Court to consider these records in

15  the context of considering the petitioner's motion to stay, which is addressed below. But

16  respondent notes that some (or all) of the documents petitioner seeks to place under

17  seal do not appear to have been presented to the state court, and as such the Court

18  would be barred from considering these records under 28 U.S.C. § 2254(d) and 28

19  U.S.C. § 2254(d)(e)(2) in ultimately deciding the habeas petition. However, the Court

20  need not make this determination at this time. This issue has not been fully briefed and

21  it would be premature for the Court to decide this issue on the current record at this

22  point in the proceedings. Any issues challenging what evidence is properly a part of the

23  record to be considered by the Court in ultimately deciding the habeas petition should

24

25  ORDER GRANTING MOTION TO AMEND, MOTION
TO SEAL, AND MOTION TO STAY, STRIKING OTHER
PENDING MOTIONS AS MOOT - 5

1   be raised by the respondent in their answer to the amended petition and will be decided

2   by the Court when the petition is fully briefed and ripe for consideration.

3        The motion to seal (Dkt. 25) is GRANTED.

4   **C.   Motion to Stay**

5        Petitioner, through counsel, has moved to stay and abey proceedings to allow

6   petitioner to exhaust his unexhausted claims through a personal restraint petition (PRP)

7   in state court. Dkt. 27.

8        District courts may use a "stay-and-abeyance" procedure while a petitioner

9   exhausts his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275-77; *Calderon v.*

10   *United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir. 1998). Petitioner

11   contends a stay is proper because he has potentially meritorious claims that have not

12   yet been exhausted in state court – including claims related to ineffective assistance of

13   trial counsel and petitioner's competency to stand trial. Dkt. 27 at 1-2. Petitioner

14   contends that he can still present these unexhausted claims without procedural bar in a

15   state court PRP, and that counsel intends to file such a PRP shortly. *Id.* Petitioner's

16   counsel also argues that filing a PRP without the assistance of counsel would have

17   been particularly challenging for petitioner given his struggles with mental health issues

18   and as a non-native English speaker. *Id.* at 2-3.

19        Respondent has filed a response stating he does not oppose the request to stay

20   and defers to the Court as to whether such a stay is appropriate. Dkt. 28 at 2-3.

21        After reviewing the relevant record, the motion to stay and abey (Dkt. 27) is

22   GRANTED. The case is stayed.

23

24

25   ORDER GRANTING MOTION TO AMEND, MOTION
TO SEAL, AND MOTION TO STAY, STRIKING OTHER
PENDING MOTIONS AS MOOT - 6

Petitioner is directed to file a report every one-hundred and twenty (120) days informing the Court of the status of petitioner's state proceedings. The first status report is due on or before **February 18, 2025**, and shall include the state court cause number(s). If the state court dismisses or resolves petitioner's state court proceedings, petitioner is directed to inform the Court and file a motion to lift the stay within 30 days of the state court taking action. Respondent's answer to the amended petition shall be filed 45 days after the stay is lifted.

**D.     Petitioner's Pending Previously Filed *Pro Se* Motions**

Prior to counsel's appointment, petitioner filed *pro se* a "motion to dismiss unexhausted claims" (Dkt. 12) and a "motion to amend complaint" (Dkt. 13) in which he appeared to indicate that he wished to proceed on his sole exhausted claim -- that his right to be present at trial was violated – and delete his unexhausted claims. Petitioner was subsequently appointed counsel who filed the current motion to file an amended complaint which includes several unexhausted claims (Dkt.25) and motion to stay proceedings (Dkt. 27) to allow petitioner to exhaust those unexhausted claims. In light of counsel's appointment and these subsequently filed motions, petitioner's previously filed *pro se* motions "to dismiss unexhausted claims" (Dkt. 12) and "to amend complaint" (Dkt. 13) are STRICKEN as moot.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS:

(1) Petitioner's motion to amend (Dkt. 24) is GRANTED. Petitioner's proposed amended petition (Dkt. 24-1) is hereby deemed filed as petitioner's amended

petition. The Clerk is directed to docket the proposed amended petition (Dkt. 24-1), including the sealed exhibits (Dkt. 26) as the amended petition.

(2) The motion to seal (Dkt. 25) is GRANTED.

(3) The motion to stay and abey (Dkt. 27) is GRANTED. The case is stayed. Petitioner is directed to file a report every one-hundred and twenty (120) days informing the Court of the status of petitioner's state proceedings. The first status report is due on or before **February 18, 2025**, and shall include the state court cause number(s). If the state court dismisses or resolves petitioner's state court proceedings, petitioner is directed to inform the Court and file a motion to lift the stay within 30 days of the state court taking action. Respondent's answer to the amended petition shall be filed 45 days after the stay is lifted.

(4) Petitioner's *pro se* motions "to dismiss unexhausted claims" (Dkt. 12) and "to amend complaint" (Dkt. 13) are STRICKEN as moot.

Dated this 18th day of October, 2024.

Theresa L. Fricke
United States Magistrate Judge